UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA J. ROMERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DOE MEDICAL PROVIDER,<br><br>　　　　　　　　　　Defendant. | Case No.  3:24-cv-00527-ART-CSD<br><br>ORDER |

**I.    DISCUSSION**

On May 19, 2025, the Court screened Plaintiff's first amended civil rights complaint ("FAC") under 28 U.S.C. § 1915A. (ECF No. 9 at 1.) The Court found Plaintiff stated a colorable Eighth Amendment deliberate indifference to a serious medical need claim on screening. (*Id.* at 7.) The FAC did not, however, include the real name of any defendant, so the Court noted that this case could not proceed to service without any named defendant to serve. (*Id.* at 5.) The Court ordered Plaintiff to file a motion requesting the Court to substitute the doe defendant's real name by July 18, 2025. (*Id.* at 7.) To discover the doe defendant's name, the Court told Plaintiff that he could submit a properly supported and complete motion for the Court to issue a subpoena duces tecum under Federal Rule of Civil Procedure 45. (*Id.* at 6.)

Before the Court is Plaintiff's motion requesting the Court to issue a subpoena. (ECF No. 10.) In his motion, Plaintiff asks the Court to direct the Nevada Attorney General's Office to provide documents that would reveal the name of the doe defendant Plaintiff sued in the FAC. (*Id.* at 3.)

Although the screening order instructed Plaintiff that he must include a copy of a Rule 45 subpoena with his motion for a subpoena duces tecum, he did not attach a proposed subpoena with his motion. Rather, he simply provided a broad request that does not specify what documents would have the information he is seeking. Because Plaintiff did not attach a proposed Rule 45 subpoena to his motion (ECF No. 10), the Court denies

1

the motion without prejudice. Plaintiff shall have until **August 1, 2025, to file a motion requesting the Court to substitute the doe defendant's real name and add him or her to the docket**. If Plaintiff fails to file the motion to substitute, the Court will dismiss this action without prejudice.

If Plaintiff wishes to file a second motion for a subpoena duces tecum, he must attach a copy of his proposed Rule 45 subpoena, and his motion must clearly identify the documents that would have the information he is seeking and must explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Plaintiff is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

## II. CONCLUSION

It is therefore ordered that Plaintiff's motion for a subpoena (ECF No. 10) is denied without prejudice because he did not attach a proposed Rule 45 subpoena. The Clerk of the Court will send Plaintiff a courtesy copy of his motion (ECF No. 10).

It is further ordered that Plaintiff shall have until **August 1, 2025, to file a motion requesting the Court to substitute the doe defendant's real name and add him or her to the docket.**

It is further ordered that if Plaintiff fails to file the motion to substitute, the Court will dismiss this action without prejudice.

DATED: June 18, 2025.



UNITED STATES MAGISTRATE JUDGE