UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA J. ROMERO, | Case No. 3:24-cv-00527-ART-CSD |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| DOE MEDICAL PROVIDER, | |
| Defendant. | |

Plaintiff Dakota Romero ("Plaintiff") brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 8 at 1.) In this action, Plaintiff sued a single doe defendant for stopping his access to physical therapy. (*Id.* at 4.) While the Court found Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against the doe defendant colorable, it warned Plaintiff that if he could not identify the true name of the doe defendant, this case could not proceed and would be dismissed without prejudice. (ECF No. 9 at 5–7.)  The Court then told Plaintiff that he could file a Rule 45 subpoena duces tecum to request the name of the doe defendant from interested party, the Nevada Department of Corrections ("NDOC"). (*Id.*)

This began an extensive back-and-forth between Plaintiff and the NDOC to uncover the identity of the doe defendant. Over the past three months, Plaintiff filed several motions to issue subpoenas (ECF Nos. 10, 12, 21) and motions for enlargement of time when the subpoenas were unsuccessful (ECF Nos. 16, 20, 23, 29).

In response to the subpoena, the Deputy Attorney General ("DAG") mailed Plaintiff's medical file to the warden with information relevant to Plaintiff's request for "the name of the male nurse—Doe Medical Provider—who cancelled

Plaintiff's access to physical therapy and the prison parallel bars." (ECF No. 17). The DAG also sent Plaintiff a letter instructing him to send a kite to the warden to review the document provided in compliance with his subpoena duces tecum. (*Id.*)

When Plaintiff asserted that he needed to file another subpoena because his first subpoena incorrectly targeted a male nurse who was not the doe defendant he was seeking, the Court permitted him to do so. (ECF Nos. 26, 28). In response to the subsequent subpoena, the DAG was unable to identify the name of the doe defendant and stated that "[a] thorough review of the 23 pages of [Plaintiff's] practitioner orders did not yield any orders to stop [Plaintiff's] physical therapy, so the Office of the Attorney General is unable to identify the doe defendant." (ECF No. 34 at 1.) Even when the Court ordered the NDOC to file a page from Plaintiff's medical record (ECF No. 35), Plaintiff was unable to find the name of the doe defendant who allegedly cancelled his access to physical therapy. (ECF No. 41.)

After this extensive pre-service effort to identify the doe defendant, Plaintiff, in his latest motion, concedes that he is unable to identify the name of the doe defendant. (*Id.* at 2.) But he still requests the Court to compel the NDOC to provide him the name of the doe defendant. (*Id.*) In its last order, the Court warned Plaintiff that if he did not file the name of the doe defendant by September 24, 2025, the Court would not grant him another extension of time and dismiss the case without prejudice. (ECF No. 40 at 1.)

Because that deadline expired and Plaintiff cannot identify the name of the doe defendant, the Court denies Plaintiff's latest motion (ECF No. 41) without prejudice and dismisses this action without prejudice because this Court cannot order service of a complaint on an unknown person.

## I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the

1    Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,

2    992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*

3    the party has disobeyed a court order does not satisfy this factor); *accord*

4    *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that

5    "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted

6    pursuit of less drastic alternatives prior to disobedience of the court's order as

7    satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

8    with the warning of dismissal for failure to comply[,]" have been "eroded" by

9    *Yourish*). Courts "need not exhaust every sanction short of dismissal before

10   finally dismissing a case, but must explore possible and meaningful

11   alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

12   Because this action cannot proceed until Plaintiff identifies the name of the doe

13   defendant, the only alternative is to enter yet another order setting another

14   deadline for Plaintiff to attempt to uncover the name of the doe defendant. But

15   the reality of repeating the motions for subpoenas that have already failed to

16   provide the name of the doe defendant only delays the inevitable and squanders

17   the Court's finite resources. Specifically, in this case, the Court has issued 11

18   orders over the last three and a half months on subpoena issues. The

19   circumstances here do not indicate that another subpoena will be an exception:

20   there is no hint that Plaintiff will discover the name of the doe defendant through

21   this process. Setting another deadline is not a meaningful alternative given these

22   circumstances. So the fifth factor favors dismissal.

23   **II.    CONCLUSION**

24        Having thoroughly considered these dismissal factors, the Court finds that

25   they weigh in favor of dismissal. It is therefore ordered that this action is

26   dismissed without prejudice based on Plaintiff's failure to provide the name of

27   the doe defendant. The Clerk of Court is directed to enter judgment accordingly

28

and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

The Court denies Plaintiff's motion (ECF No. 41) without prejudice.

The Court denies Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 1, 5) as moot.

DATED: October 6, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE